FILED
JANUARY 23, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MIDWEST AGGREGATES, a division of PAYNE & DOLAN, INC., | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | **08 C 511** |
| J & L CONCRETE, INC. and UNITED, CONCRETE WAUKEGAN, INC., | ) ) ) ) | **JUDGE NORDBERG** |
| Defendants. | ) ) ) | **MAGISTRATE JUDGE DENLOW** |

## COMPLAINT

Plaintiff, Midwest Aggregates, a division of Payne & Dolan, Inc. ("Midwest"), by its counsel, Quarles & Brady LLP, complains against Defendants, J & L Concrete, Inc. ("J&L") and United Concrete Waukegan, Inc. ("United"), as follows:

### Parties

1. Midwest is a division of Payne & Dolan, Inc., which is a Wisconsin corporation with its principal place of business at N3W23650 Badinger Road, Waukesha, Wisconsin 53187.

2. J&L is an Illinois corporation with its principal place of business at 1000 Commerce Drive, Lake Zurich, Illinois 60047.

3. United is an Illinois corporation with its principal place of business at 1000 Commerce Drive, Lake Zurich, Illinois 60047.

### Jurisdiction and Venue

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332, because Plaintiff Midwest and Defendants J&L and United are citizens of different states, and the amount in controversy exceeds the value of $75,000, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a), because J&L and United reside in this district for the purpose of determining venue pursuant to 28 U.S.C. §1391(c), because J&L and United, by virtue of their conducting business and having significant contacts in this district, are subject to personal jurisdiction in this district.

**Facts Common To All Defendants**

6. Among other things, Midwest supplies stone, pea gravel, and other aggregates to the building and construction industry.

7. Upon receipt of an order from a customer to supply materials in exchange for the customer's payment of money to Midwest, Midwest performs the requested service specified in the order and sends the customer an invoice.

8. Midwest's invoices normally require payment within thirty (30) days, but agreements between Midwest and J&L and Midwest and United allowed for payment within sixty (60) days.

**Facts Specific To J&L**

9. J&L is a customer of Midwest. J&L routinely placed orders with Midwest for stone, pea gravel, and other aggregates.

10. Beginning in May 2007, J&L ordered and received stone, pea gravel, and other aggregates from Midwest.

11. From May 2007 to September 2007, J&L ordered and received stone, pea gravel, and other aggregates from Midwest for an agreed-upon price as detailed in Midwest's invoices. As of the filing of this complaint, J&L owes Midwest $50,757.00. True and correct copies of the unpaid invoices relating to the delivery of these materials are attached as Group Exhibit A.

**Facts Specific To United**

12. United is a customer of Midwest. United routinely placed orders with Midwest for stone, pea gravel, and other aggregates.

13. Beginning in June 2007, United ordered and received stone, pea gravel, and other aggregates from Midwest.

14. From July 2007 to November 2007, Midwest ordered and received stone, pea gravel, and other aggregates from Midwest for an agreed-upon price as detailed in Midwest's invoices. As of the filing of this complaint, United owes Midwest $183,410.55. True and correct copies of the unpaid invoices relating to the delivery of these materials are attached as Group Exhibit B.

**COUNT I**
**Breach Of Contract And Account Stated**
**(Against J&L)**

15. Midwest incorporates and re-alleges paragraphs 1 through 11 as paragraph 15 of this Count I.

16. For shipments of stone, pea gravel, and other aggregates beginning on May 24, 2007 and continuing through September 27, 2007, J&L, although having received and accepted shipments of such materials, has failed to pay the amounts due and owing to Midwest as described in the invoices.

17. A contract was created each time J&L requested Midwest to supply, and Midwest agreed to supply, materials to J&L for a price as memorialized in the invoice. Midwest fully performed under the contract by delivering the materials to J&L.

18.     Despite Midwest's demand for payment, J&L has not made a payment pursuant to the contracts. A true and correct copy of Midwest's January 3, 2008 demand letter is attached as Exhibit C.

19.     By failing to pay the $50,757.00 it owes to Midwest, J&L is in breach of the contracts, and Midwest suffers damages from that breach in the amount of $50,757.00.

20.     Because the terms of the contracts require J&L to pay within sixty (60) days of the delivery of the materials, Midwest has also been damaged by the delay of payment by J&L and, accordingly, is entitled to an award of reasonable interest.

21.     The invoices attached hereto as Group Exhibit A constitute a statement of account issued by Midwest to J&L.

22.     J&L received and retained the invoices and held them without objection. J&L failed to object within a reasonable time to the statement of account presented in Group Exhibit A.

23.     J&L failed to object even after receiving a letter from Midwest demanding payment of the invoices. *See* Exhibit C.

24.      By failing to object to the statement of account within a reasonable time, J&L acknowledged and recognized the correctness of the statement, and an account stated was created between Midwest as creditor and J&L as debtor.

WHEREFORE, Midwest requests this Court to enter judgment in its favor and against J&L in the amount of $50,757.00, plus pre-judgment interest and costs, and any additional amount or relief that this Court deems appropriate and just.

## COUNT II
### Breach of Contract And Account Stated
### (Against United)

25. Midwest incorporates and re-alleges paragraphs 1 through 14 as paragraph 25 of this Count II.

26. For shipments of stone, pea gravel, and other aggregates beginning on July 19, 2007 and continuing through November 8, 2007, United, although having received and accepted shipments of such materials, has failed to pay the amounts due and owing to Midwest as described in the invoices.

27. A contract was created each time United requested Midwest to supply, and Midwest agreed to supply, materials to United for a price as memorialized in the invoice. Midwest fully performed under the contract by delivering the materials to United.

28. Despite Midwest's demand for payment, United has not made a payment pursuant to the contracts. *See* Exhibit C.

29. By failing to pay the $183,410.55 it owes to Midwest, United is in breach of the contracts, and Midwest suffers damages from that breach in the amount of $183,410.55.

30. Because the terms of the contracts require United to pay within sixty (60) days of the delivery of the materials, Midwest has also been damaged by the delay of payment by United and, accordingly, is entitled to an award of reasonable interest.

31. The invoices attached hereto as Group Exhibit B constitute a statement of account issued by Midwest to United.

32. United received and retained the invoices and held them without objection. United failed to object within a reasonable time to the statement of account presented in Group Exhibit B.

33. United failed to object even after receiving a letter from Midwest demanding payment of the invoices. *See* Exhibit C.

34. By failing to object to the statement of account within a reasonable time, United acknowledged and recognized the correctness of the statement, and an account stated was created between Midwest as creditor and United as debtor.

WHEREFORE, Midwest requests this Court to enter judgment in its favor and against United in the amount of $183,410.55, plus pre-judgment interest and costs, and any additional amount or relief that this Court deems appropriate and just.

## COUNT III
### Unjust Enrichment Against J&L
### (In The Alternative)

35. Midwest incorporates and re-alleges paragraphs 1 through 11 as paragraph 35 of this Count III.

36. Between May 24, 2007 to September 20, 2007, Midwest provided and delivered stone, pea gravel, and other aggregates to J&L. J&L accepted Midwest's materials for use in its final products. Upon information and belief, J&L sold the final products that contained Midwest's materials for profit to its customers.

37. The value of the materials and services Midwest provided to J&L between May 2007 and September 2007 was $50,757.00.

38. J&L has refused to pay Midwest for those materials and services, despite Midwest's demands for such payment.

39. J&L has been unjustly enriched to the detriment of Midwest in the amount of $50,757.00 plus interest. J&L's retention of such benefits without payment to Midwest violates the fundamental principles of justice, equity, and good conscience.

WHEREFORE, Midwest requests this Court to enter judgment in its favor and against J&L in the amount of $50,757.00, plus pre-judgment interest and costs, and any additional amount or relief that this Court deems appropriate and just.

## COUNT IV
### Unjust Enrichment Against United
### (In The Alternative)

40. Midwest incorporates and re-alleges paragraphs 1 through 14 as paragraph 40 of this Count IV.

41. Between July 19, 2007 to November 8, 2007, Midwest provided and delivered stone, pea gravel, and other aggregates to United. United accepted Midwest's materials for use in its final products. Upon information and belief, United accepted the final products that contained Midwest's materials for profit to its customers.

42. The value of the materials and services Midwest provided to United between July 2007 and November 2007 was $183,410.55.

43. United has refused to pay Midwest for those materials and services, despite Midwest's demands for such payment.

44. United has been unjustly enriched to the detriment of Midwest in the amount of $183,410.55 plus interest. United's retention of such benefits without payment to Midwest violates the fundamental principles of justice, equity, and good conscience.

WHEREFORE, Midwest requests this Court to enter judgment in its favor and against United in the amount of $183,410.55, plus pre-judgment interest and costs, and any additional amount or relief that this Court deems appropriate and just.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all counts.

        Respectfully submitted,

        MIDWEST AGGREGATES, a division of
        PAYNE & DOLAN, INC.


        By:   /s/ Charles E. Harper, Jr.
                One of Its Attorneys

Charles E. Harper, Jr. (ARDC #6269908)
charper@quarles.com
QUARLES & BRADY LLP
500 West Madison Street
Suite 3700
Chicago, Illinois 60661
(312) 715-5000
(312) 715-5155 (fax)


QBACTIVE\6047064.1

8