**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MIDWEST AGGREGATES, a division of PAYNE & DOLAN, INC., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 08-C-00511 |
| v. | ) ) ) | Hon. John A. Nordberg |
| J & L CONCRETE, INC. and UNITED CONCRETE WAUKEGAN, INC., | ) ) ) | U.S. District Court Judge |
| | ) | Hon. Morton Denlow |
| Defendants. | ) | U.S. District Court Magistrate Judge |

**ANSWER TO COMPLAINT**

J & L CONCRETE, INC. ("J & L") and UNITED CONCRETE WAUKEGAN, INC. ("United"), Defendants herein (collectively, the "Defendants"), by their attorneys, Bruce L. Wald, Jeffrey B. Rose and Martin J. Wasserman, of Tishler & Wald, Ltd., for their Answer to the Complaint (the "Complaint") filed in the above entitled action by MIDWEST AGGREGATES, a division of PAYNE & DOLAN, INC., Plaintiff herein ("Midwest"), state as follows:

1. Defendants lack sufficient information to either admit or deny the allegations of Paragraph 1 of the Complaint and demand strict proof thereof.

2. Defendants admit the allegations of Paragraph 2 of the Complaint.

3. Defendants admit the allegations of Paragraph 3 of the Complaint.

4. Defendants deny the allegations of Paragraph 4 of the Complaint that this Court has original jurisdiction over that portion of this action relating to J & L and that the amount in controversy between Midwest and J & L exceeds the value of $75,000, exclusive of interest and costs, but Defendants admit the remaining allegations of Paragraph 4 of the Complaint.

5. Defendants deny the allegations of Paragraph 5 of the Complaint that venue is proper in this Court with respect to Midwest's claim against J & L and that J & L is subject to personal jurisdiction in this district with respect to Midwest's claim against it, but Defendants admit the remaining allegations of Paragraph 5 of the Complaint.

6. Defendants admit the allegations of Paragraph 6 of the Complaint.

7. Defendants lack sufficient information to either admit or deny the allegations of Paragraph 7 of the Complaint and demand strict proof thereof.

8. Defendants lack sufficient information to either admit or deny the allegations of Paragraph 8 of the Complaint that Midwest's invoices normally require payment within thirty (30) days and demand strict proof thereof, but Defendants admit the remaining allegations of Paragraph 8 of the Complaint.

9. J & L admits the allegations of Paragraph 9 of the Complaint.

10. J & L admits the allegations of Paragraph 10 of the Complaint.

11. J & L admits the allegations of Paragraph 11 of the Complaint.

12. United admits the allegations of Paragraph 12 of the Complaint.

13. United admits the allegations of Paragraph 13 of the Complaint.

14. United admits the allegations of Paragraph 14 of the Complaint that from July 2007 to November 2007, United ordered and received stone, pea gravel, and other aggregates from Midwest for an agreed-upon price as detailed in Midwest's invoices, but Midwest lacks sufficient information to either admit or deny the remaining allegations of Paragraph 7 of the Complaint and demands strict proof thereof.

## **COUNT I**

15. J & L incorporates and re-alleges its foregoing responses to the allegations of Paragraphs 1 through 11, inclusive, of the Complaint, as and for its response to Paragraph 15 of the Complaint.

16. J & L admits the allegations of Paragraph 16 of the Complaint.

17. J & L admits the allegation of Paragraph 17 of the Complaint that Midwest fully performed by delivering the materials to J & L, but the remaining allegations of Paragraph 17 of the Complaint consist of legal conclusions which J & L is not required to answer.

18. J & L admits the allegations of Paragraph 18 of the Complaint.

19. J & L denies the allegations of Paragraph 19 of the Complaint that Midwest suffers damages from J & L's breach in the amount of $50,757.00, but J & L admits the remaining allegations of Paragraph 19 of the Complaint.

20. J & L lacks sufficient information to either admit or deny the allegations of Paragraph 20 of the Complaint that because the terms of the contracts require J & L to pay within sixty (60) days of the delivery of the materials, Midwest has also been damaged by the delay of payment of J & L and demands strict proof thereof, but the remaining allegation of Paragraph 20 of the Complaint consists of a legal conclusion which J & L is not required to answer.

21. J & L denies the allegations of Paragraph 21 of the Complaint.

22. J & L admits the allegations of Paragraph 22 of the Complaint that it received and retained the invoices and held them without objection, but the remaining allegations of Paragraph 22 of the Complaint consist of legal conclusions which J & L is not required to answer.

23. J & L admits the allegations of Paragraph 23 of the Complaint.

24. The allegations of Paragraph 24 of the Complaint consist of legal conclusions which J & L is not required to answer.

WHEREFORE, J & L CONCRETE, INC., Defendant herein, prays this Court for the entry of an Order dismissing Count I of the Complaint filed in the above entitled action and assessing all costs against Plaintiff.

## COUNT II

25. United incorporates and re-alleges its foregoing responses to the allegations of Paragraphs 1 through 14, inclusive, of the Complaint, as and for its response to Paragraph 25 of the Complaint.

26. United denies the allegation of Paragraph 26 of the Complaint that it has failed to pay the amounts due and owing to Midwest to the extent that such allegation implies that United has not paid any of such amounts, but United admits the remaining allegations of Paragraph 26 of the Complaint.

27. United admits the allegation of Paragraph 27 of the Complaint that Midwest fully performed by delivering the materials to J & L, but the remaining allegations of Paragraph 27 of the Complaint consist of legal conclusions which J & L is not required to answer.

28. United denies the allegations of Paragraph 28 of the Complaint.

29. The allegation of Paragraph 29 of the Complaint that United is in breach of the contracts consists of a legal conclusion which J & L is not required to answer, but United denies the remaining allegations of Paragraph 29 of the Complaint.

30. United lacks sufficient information to either admit or deny the allegations of Paragraph 30 of the Complaint that because the terms of the contracts require United to pay within sixty (60) days of the delivery of the materials, Midwest has also been damaged by the

delay of payment of United and demands strict proof thereof, but the remaining allegation of Paragraph 30 of the Complaint consists of a legal conclusion which J & L is not required to answer.

31.　　United denies the allegations of Paragraph 31 of the Complaint.

32.　　United admits the allegations of Paragraph 32 of the Complaint that it received and retained the invoices and held them without objection, but the remaining allegations of Paragraph 32 of the Complaint consist of legal conclusions which United is not required to answer.

33.　　United admits the allegations of Paragraph 33 of the Complaint.

34.　　The allegations of Paragraph 34 of the Complaint consist of legal conclusions which United is not required to answer.

WHEREFORE, UNITED CONCRETE WAUKEGAN, INC., Defendant herein, prays this Court for the entry of an Order dismissing Count II of the Complaint filed in the above entitled action and assessing all costs against Plaintiff.

## **COUNT III**

35.　　J & L incorporates and re-alleges its foregoing responses to the allegations of Paragraphs 1 through 11, inclusive, of the Complaint, as and for its response to Paragraph 35 of the Complaint.

36.　　J & L denies the allegation of Paragraph 36 of the Complaint to the extent that said allegation implies that J & L sold all of the final products that contained Midwest's materials for profit to its customers, but J & L admits the remaining allegations of Paragraph 36 of the Complaint.

37.　　J & L admits the allegations of Paragraph 37 of the Complaint.

38. J & L denies the allegations of Paragraph 38 of the Complaint.

39. J & L denies the allegations of Paragraph 39 of the Complaint.

WHEREFORE, J & L CONCRETE, INC., Defendant herein, prays this Court for the entry of an Order dismissing Count III of the Complaint filed in the above entitled action and assessing all costs against Plaintiff.

## COUNT IV

40. United incorporates and re-alleges its foregoing responses to the allegations of Paragraphs 1 through 14, inclusive, of the Complaint, as and for its response to Paragraph 40 of the Complaint.

41. United denies the allegation of Paragraph 41 of the Complaint to the extent that said allegation implies that United sold all of the final products that contained Midwest's materials for profit to its customers, but J & L admits the remaining allegations of Paragraph 41 of the Complaint.

42. United admits the allegations of Paragraph 42 of the Complaint.

43. United denies the allegations of Paragraph 43 of the Complaint.

44. United denies the allegations of Paragraph 44 of the Complaint.

WHEREFORE, UNITED CONCRETE WAUKEGAN, INC., Defendant herein, prays this Court for the entry of an Order dismissing Count IV of the Complaint filed in the above entitled action and assessing all costs against Plaintiff.

Dated:  April 10, 2008
      Chicago, Illinois

Respectfully submitted,

J & L CONCRETE, INC. and UNITED CONCRETE WAUKEGAN, INC.,
Defendants

By:  */s/ Jeffrey B. Rose*
      Jeffrey B. Rose, One of Their Attorneys

Bruce L. Wald (ARDC 02919095)
Jeffrey B. Rose (ARDC 06186133)
Martin J. Wasserman (ARDC 06294040)
TISHLER & WALD, LTD
200 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Phone: (312) 876-3800
Fax: (312) 876-3816
bwald@tishlerandwald.com
jrose@tishlerandwald.com
mwasserman@tishlerandwald.com