**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MIDWEST AGGREGATES, a division of PAYNE & DOLAN, INC., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:08-cv-511 |
| v. | ) ) | Judge John A. Nordberg |
| J & L CONCRETE, INC. and UNITED CONCRETE WAUKEGAN, INC., | ) ) ) | Magistrate Judge Morton Denlow |
| Defendants. | ) ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT**
**OF ITS MOTION FOR SUMMARY JUDGMENT**
**AGAINST UNITED CONCRETE WAUKEGAN, INC.**

Plaintiff, Midwest Aggregates, a division of Payne & Dolan, Inc. ("Midwest"), by its attorneys, Quarles & Brady LLP, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 of this Court, submits the following memorandum of law in support of its motion for summary judgment against Defendant, United Concrete Waukegan, Inc. ("United").

## I.  INTRODUCTION

This case involves a simple breach of contract, or alternatively unjust enrichment of the Defendant, United.  Midwest provided United with $183,410.55 of stone, pea gravel and other aggregates.  United received and accepted the materials.  United agreed to pay Midwest for the materials.  United made several small payments, but has failed to pay the entire amount owed to Midwest.  This Court should grant summary judgment in favor of Midwest and against United because there is no genuine issue of material fact that United owes Midwest $175,410.55 as set forth herein.

## II. STANDARD OF REVIEW

Summary judgment shall be rendered where the pleadings, depositions, and admissions of record, together with any affidavits, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).

## III. ARGUMENT

**A.    This Court Should Grant Summary Judgment In Favor of Midwest Because United Has Breached The Contracts With Midwest And An Account Stated Was Created.**

Midwest is entitled to summary judgment against United because there is no genuine issue of material fact that United breached the contracts with Midwest by failing to pay all of the amounts due and owing to Midwest as stated in the invoices.  Under Illinois law, the elements of breach of contract are:  (1) offer and acceptance, (2) consideration, (3) certain terms, (4) performance by the plaintiff, (5) breach by the defendant, and (6) damages.  *McBaldwin Financial Co. v. DiMaggio, Rosario & Veraja, LLC*, 364 Ill. App. 3d 6, 14, 845 N.E.2d 22, 30 (Ill. App. Ct. 2006).

The undisputed facts establish that a contract existed between Plaintiff and Defendant, and based on those undisputed facts, this Court may determine that a contract exists as a matter of law.[1]  *See, e.g., Arneson v. Bd. Of Trs., McKendree Coll.*, 210 Ill. App. 3d 844, 850, 569 N.E.2d 252, 256 (Ill. App. Ct. 1991).  United, a customer of Midwest,  routinely placed orders with Midwest for stone, pea gravel, and other aggregates.  *See* Statement of Material Facts

---

[1] United refused to answer certain allegations, including an allegation that a contract existed between Midwest and United, because, according to United, the allegations are "legal conclusions." Docket #14, Answer, ¶¶ 27, 29, 32, 34.  United's refusal to answer these allegations is inappropriate and insufficient under Rule 8(b).  *See, e.g., State Farm Mutual Automobile Insurance Co. v. Riley*, 199 F.R.D. 276 (N.D. Ill. 2001) (explaining that under Rule 8 a party answering a complaint must respond to all allegations, even those that state legal conclusions).   Accordingly, this Court may deem those allegations admitted pursuant to Rule 8(d).  *See Donnelly v. Frank Shirley Cadillac, Inc.*, 2005 WL 2445902, *1 (N.D.Ill. Sept. 29, 2005, Magistrate J. Aspen) ("Where defense counsel fails to comply with Rule 8(b), it is within the Court's discretion to find that the defendant has not denied the plaintiff's allegation and deem that allegation admitted, per rule 8(d) of the Federal Rules of Civil Procedure.")

("Facts"), ¶ 3.  Once Midwest received the order from United, Midwest performed the requested

service in exchange for United's promise to pay within 60 days of the receipt of the materials.

*See* Facts, ¶ 5.  From July 2007 to November 2007, United ordered, received, accepted, and

retained stone, pea gravel, and other aggregates from Midwest for an agreed-upon price as

detailed in Midwest's invoices.  *Id.*

The undisputed facts also establish performance by Plaintiff, breach by Defendant and

damages.  Midwest has fully performed its obligations under the contracts with United.  *See*

Facts, ¶ 8.  United, however, has breached its obligations by failing to make timely payment to

Midwest.  The total value of the services provided to United was $183,410.55.  *See* Facts, ¶ 9.

United has paid only $8,000, which leaves an outstanding balance of $175,410.55.  *See* Facts, ¶¶

9, 10, 11.  Midwest has been damaged by United's breach in the amount of United's outstanding

debt, plus interest.

Additionally, an account stated was created.  Under Illinois law, a plaintiff in a breach of

contract action may prove damages through the creation of an account stated where defendant

received statements of the amount owed and failed to object to the amount owed in a reasonable

time period.  *See*, *e.g.*, *Chicago & Eastern Illinois Railroad Co. v. Martin Bros. Container &

Timber Products Corp.*, 87 Ill. App. 3d 327, 330, 408 N.E.2d 1031, 1035 (Ill. App. Ct. 1980)

("The establishment of an account stated is warranted under circumstances where, as in the case

before us, a statement of account has been rendered by one party to another and is retained by the

latter beyond a reasonable time without objection, thereby constituting an acknowledgement and

recognition of the correctness of the account.").

Here, an account stated was created when United received and retained the invoices

submitted by Midwest and it held the invoices without objection.  *See* Facts, ¶ 6.  United never

objected to the amounts on the invoices even after receiving a letter from Midwest demanding payment of the invoices. *See* Facts, ¶ 7. Moreover, United agreed to pay Midwest for the materials for an agreed-upon price as detailed in Midwest's invoices within 60 days of the delivery of the materials. *See* Facts, ¶¶ 4, 5. Because of United's failure to object to the invoices and United's promise to pay the amount as stated in the invoices, an account stated was created. As such, the amount stated in the invoices represent a true and correct statement of the debt United owes to Midwest and an award of interest is appropriate.

As a result of United's failure to meet its obligation under the contracts, Midwest is entitled to recover the entire unpaid balance, including pre-judgment interest and its court costs. Pre-judgment interest may be taxed at the five percent (5%) per annum pursuant to the Illinois Interest Act, 815 ILCS 205/2. Since there is no genuine issue of material fact regarding United's breach and the amount due and owing to Midwest, this Court should grant summary judgment in favor of Midwest and against United on Count II.

**B.     This Court Should Grant Summary Judgment In Favor Of Midwest Because United Has Been Unjustly Enriched At The Expense Of Midwest.**

Alternatively, should this Court find that no contract existed between Midwest and United, Midwest is entitled to summary judgment against United because there is no genuine issue of material fact that United has been unjustly enriched to the detriment of Midwest. *See*, *e.g.*, *Decaro v. M. Felix, Inc.*, 371 Ill. App. 3d 1103, 1109, 864 N.E.2d 890, 897 (Ill. App. Ct. 2007) ("A defendant is unjustly enriched when he retains a benefit to plaintiff's detriment and defendant's retention of the benefit violates the fundamental principles of justice, equity and good conscience.").

From July 2007 to November 2007, United ordered, received, accepted and retained stone, pea gravel, and other aggregates from Midwest. *See* Facts, ¶ 4. The value of the materials

provided to United by Midwest totaled $183,410.55. *See* Facts, ¶ 9. United made several small payments to Midwest totaling $8000.00, but Midwest has failed to pay the remaining amount owed to Midwest for the materials Midwest supplied to United. *See* Facts, ¶¶ 10, 11. As such, United has been unjustly enriched to the detriment of Midwest in the amount of $175,410.55. Justice, equity and good conscience require United to pay Midwest for the benefit it received and retained from Midwest.

As a result of United's unjust enrichment, Midwest should be awarded the entire unpaid balance, as well as pre-judgment interest and costs. Because there is no genuine issue of material fact that United has been unjustly enriched in the amount of $175,410.55, this Court should grant summary judgment in favor of Midwest and against United on Count IV.

## IV.  CONCLUSION

For the reasons stated herein, Midwest Aggregates respectfully requests that this Court enter an order granting summary judgment in its favor against United Concrete Waukegan, Inc. in the amount of $175,410.55 plus pre-judgment interest at five percent (5%) per annum, awarding Midwest its costs, and granting Midwest such further relief as is appropriate.

Respectfully submitted,

MIDWEST AGGREGATES, a division of
PAYNE & DOLAN, INC.

By:____/s/ Vilan Odekar_____
          One of Its Attorneys

Charles E. Harper, Jr. (ARDC #6269908)
charper@quarles.com
Vilan Odekar (ARDC # 6293496)
vodekar@quarles.com
QUARLES & BRADY LLP
500 West Madison Street, Suite 3700
Chicago, Illinois 60661
(312) 715-5000
(312) 715-5155 (fax)

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on April 24, 2008, a copy of the foregoing **Plaintiff's Memorandum of Law in Support of Its Motion for Summary Judgment Against United Concrete Waukegan, Inc.** was filed electronically using the Court's CM/ECF system. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system at the email addresses indicated below. Parties may access this filing through the Court's system.

> Jeffrey B. Rose
> Bruce L. Wald
> Martin J. Wasserman
> TISHLER & WALD, LTD.
> 200 South Wacker Drive
> Suite 3000
> Chicago, IL 60606
> (312) 876-3800
> jrose@tishlerandwald.com
> bwald@tishlerandwald.com
> mwasserman@tishlerandwald.com

> _____ /s/ Vilan Odekar _____
> *One of the attorneys for Midwest Aggregates,*
> *a division of Payne & Dolan, Inc.*

QBACTIVE\6197482.2