IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MIDWEST AGGREGATES, a division of PAYNE & DOLAN, INC., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:08-cv-511 |
| v. | ) ) | Judge John A. Nordberg |
| J & L CONCRETE, INC. and UNITED CONCRETE WAUKEGAN, INC., | ) ) ) ) | Magistrate Judge Morton Denlow |
| Defendants. | ) | |

**PLAINTIFF MIDWEST AGGREGATES'
LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS**

Plaintiff, Midwest Aggregates, a division of Payne & Dolan, Inc. ("Midwest"), by its attorneys, Quarles & Brady LLP, submits the following statement of undisputed facts pursuant to Local Rule 56.1 of this Court in support of its Motion for Summary Judgment against Defendant, United Concrete Waukegan, Inc. ("United").

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332 because Midwest's principal place of business is in Wisconsin and United's principal place of business is in Illinois and the amount in controversy is $175,410.55, exclusive of interest and costs. *See* Complaint ("Complaint"), Docket #1, ¶¶ 1, 4; Answer to Complaint ("Answer"), Docket #14, ¶¶ 1, 4; Affidavit of David Dietz ("Dietz Aff.") (filed contemporaneously herewith), ¶ 9.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a), because United resides in this district. *See* Complaint, ¶ 3; Answer, ¶ 3.

3. United is a customer of Midwest and it routinely placed orders with Midwest for stone, pea gravel, and other aggregates. *See* Complaint, ¶ 12; Answer, ¶ 12.

4.	From July 2007 to November 2007, United ordered, received and accepted stone, pea gravel, and other aggregates from Midwest for an agreed-upon price as detailed in Midwest's invoices.  *See* Complaint, ¶¶ 14, 26; Answer, ¶¶ 14, 26.

5.	United agreed to pay Midwest for the materials within sixty (60) days of the delivery of the materials.  *See* Complaint, ¶ 8; Answer, ¶ 8.

6.	United received and retained the invoices submitted to them by Midwest and held the invoices without objection.  *See* Complaint, ¶ 32; Answer, ¶ 32.

7.	United failed to object even after receiving a letter from Midwest demanding payment of the invoices.  *See* Complaint, ¶ 33; Answer, ¶ 33.

8.	Midwest had fully performed under the contract by delivering the materials to United.  *See* Complaint, ¶ 27; Answer, ¶ 27.

9.	The value of the materials and services Midwest provided to United is $183,410.55.  *See* Complaint, ¶ 42; Answer, ¶ 42.

10.	Since the filing of Midwest's Complaint, United has paid $8,000 against their account.  The last payment United made was on April 2, 2008.  *See* Dietz Aff., ¶ 8.

11.	As of April 24, 2008, United owes $175,410.55 to Midwest.  *See* Dietz Aff., ¶ 9.

>	Respectfully submitted,
>
>	MIDWEST AGGREGATES, a division of
>	PAYNE & DOLAN, INC.
>
>	By:	/s/ Vilan Odekar
>		One of Its Attorneys

Charles E. Harper, Jr. (ARDC #6269908)
charper@quarles.com
Vilan Odekar (ARDC # 6293496)
vodekar@quarles.com
QUARLES & BRADY LLP
500 West Madison Street, Suite 3700
Chicago, Illinois 60661
(312) 715-5000
(312) 715-5155 (fax)

## CERTIFICATE OF SERVICE

      The undersigned attorney hereby certifies that on April 24, 2008, a copy of the foregoing **Plaintiff Midwest Aggregates' Local Rule 56.1 Statement of Material Facts** was filed electronically using the Court's CM/ECF system. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system at the email addresses indicated below. Parties may access this filing through the Court's system.

      Jeffrey B. Rose
      Bruce L. Wald
      Martin J. Wasserman
      TISHLER & WALD, LTD.
      200 South Wacker Drive
      Suite 3000
      Chicago, IL 60606
      (312) 876-3800
      jrose@tishlerandwald.com
      bwald@tishlerandwald.com
      mwasserman@tishlerandwald.com

      /s/ Vilan Odekar
*One of the attorneys for Midwest Aggregates,
a division of Payne & Dolan, Inc.*

QBACTIVE\6203857.1